IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| v. | No. 02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al. | |

## ENTRY OF APPEARANCE

TO THE CLERK:

Kindly enter the appearance of Robert J. Murtaugh, Esquire of the firm Harvey, Pennington,

Cabot, Griffith & Renneisen, Ltd. on behalf of Defendants, Interbay Funding, LLC and First Union

National Bank, as Indenture Trustee, now known as Wachovia Bank, N.A. (Incorrectly named as

Wachovia National Bank of Delaware).

HARVEY, PENNINGTON, CABOT,
GRIFFITH & RENNEISEN, LTD.

Dated: September ___, 2002    By: _____
Robert J. Murtaugh, Esquire
11 Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 563-4470

554207.1

Attorneys for Defendants, Interbay Funding, LLC and
First Union National Bank, As Indenture Trustee, now
known as Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCINDA GOODMAN

v.

PARKWAY MORTGAGE, INC., A
SUCCESSOR TO SAMMONS MORTGAGE,
INC., et al.

CIVIL ACTION

No.  02-CV-3647

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Interbay Funding, LLC ("Interbay") and First Union National Bank, as Indenture

Trustee, now known as Wachovia Bank, N.A. ("Wachovia"), by and through their undersigned

counsel, by way of answer to the complaint aver as follows:

1.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

2.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

3.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

4.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

5.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

6.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

7.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

8.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

9.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

10.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

11.      No answer required.

12.      Admitted as qualified.  Wachovia Bank, N.A. is the successor to First Union National Bank.  First Union National Bank is the holder of the mortgage in question as Indenture Trustee under an agreement with Interbay Funding, LLC.

13.      Admitted as qualified.  Interbay Funding, LLC is the servicing agent for the loan in question under an agreement with First Union National Bank, now known as Wachovia Bank, N.A.

14.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

15.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

16.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

17.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

18.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

19.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

20.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

21.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

22.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

23.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

24.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

25.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

26.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

27.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

28.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

29.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

30.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

31.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

32.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

33.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

34.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

35.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

36.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

37.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

38.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

39.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

40.     Admitted as previously qualified.

41.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

42.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

43.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

44.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

45.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

**COUNT I**
**HOME OWNERSHIP AND EQUITY PROTECTION ACT,**
**15 U.S.C. § 1639(a) ("HOEPA")**
**AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA**

46.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 45 herein as fully as though set forth at length.

47.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

48.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

49.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

50.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

51.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

52.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT II
### TRUTH IN LENDING ACT, 15 U.S.C. § 1601, ET SEQ., ("TILA")
### AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

53.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 52 herein as fully as though set forth at length.

54.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

55.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

56.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

554207.1

## COUNT III
## EQUAL CREDIT OPPORTUNITY ACT
## ("ECOA"), 15 U.S.C. § 1691, ET SEQ.
## AGAINST THE PARKWAY DEFENDANTS

57.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 56 herein as fully as though set forth at length.

58.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

59.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

60.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT IV
## FRAUD
## AGAINST THE PARKWAY DEFENDANTS

61.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 60 herein as fully as though set forth at length.

62.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

63.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

64.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT V
## CONSPIRACY TO COMMIT FRAUD
## AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN WEINROTH & MILLER

65.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 64 herein as fully as though set forth at length.

66.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

67.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

68.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

69.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

70.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

71.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

72.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VI
## FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

73.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 72 herein as fully as though set forth at length.

74.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

75.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

76.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

**COUNT VII**
**CONSPIRACY TO COMMIT FRAUD**
**AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS**

77.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 76 herein as fully as though set forth at length.

78.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

79.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

80.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

81.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

82.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

### COUNT VIII
### CONVERSION
### AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN WEINROTH & MILLER

83.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 82 herein as fully as though set forth at length.

84.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

85.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

86.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

87.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

88.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

89.      Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

90.      Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

91.      Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

92.      Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT IX
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
## AGAINST THE PARKWAY DEFENDANTS

93.      Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 92 herein as fully as though set forth at length.

94.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

95.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

96.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

97.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

98.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

99.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT X
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")

## AGAINST MATTLEMAN WEINROTH & MILLER

100.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

101.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

102.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

103.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

104.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

105.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

106.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT XI
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
### AGAINST THE PARKWAY DEFENDANTS AND ALLGOOD

107.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

108.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

109.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

110.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## AFFIRMATIVE DEFENSES

111.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 110 herein as fully as though set forth at length.

112.    Plaintiff's claims for statutory damages under the Federal Truth in Lending Act are barred by the applicable statute of limitations as set forth in 15 U.S.C. § 1640(e).

113.    Plaintiff is personally obligated and liable to Defendants, Wachovia and Interbay for damages for breach of the underlying Note and Mortgage in an amount equal to the remaining principal balance together with continually accruing interest and other fees and charges as authorized by the Note and Mortgage, which amounts will be specifically proven by Wachovia and Interbay.

114.    Any liability for failure to give proper disclosures under the Federal Truth in Lending Act, Home Ownership Equity Protection Act, Equal Credit Opportunity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law, which liability is specifically denied, is limited as to Wachovia and Interbay because it acquired its interest in the loan by assignment and any violation of the aforesaid was not apparent on the face of the disclosures and supporting loan documents.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for damages for breach of the underlying Note and Mortgage in an amount equal to the remaining principal balance together with continually accruing interest and other fees and charges as authorized by the Note and Mortgage and for dismissal of the Complaint.

**HARVEY, PENNINGTON, CABOT,
GRIFFITH & RENNEISEN, LTD.**


Dated: September ___, 2002 By: _____

Robert J. Murtaugh, Eqsuire
Attorney ID No. 57494
11 Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Interbay Funding, LLC and First Union National Bank, As Indenture Trustee, now known as Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCINDA GOODMAN

v.

PARKWAY MORTGAGE, INC., A
SUCCESSOR TO SAMMONS MORTGAGE,
INC., et al.

CIVIL ACTION

No.  02-CV-3647

**CERTIFICATE OF SERVICE**

Robert J. Murtaugh, Esquire, attorney for Interbay Funding, LLC and First Union National Bank as Indenture Trustee now known as Wachovia Bank, N.A., hereby certifies that true, correct and complete copies of Defendants, Interbay Funding, LLC and First Union National Bank as Indenture Trustee now known as Wachovia Bank, N.A.'s Answer to Complaint with Affirmative Defenses were served upon the following parties or their counsel of record by first class mail, postage prepaid on September ___, 2002:

Robert H. Montgomery, III, Esquire
Attorney for Plaintiff
230 South Broad Street
Suite 1302
Philadelphia, PA 19102

Michael K. Sullivan, Esquire
Attorney for Defendants, Parkway, Successor to Sammons & Midland Life
Blank, Rome, Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103

Joseph A. Gembala, Esquire

554207.1

-1-

Attorney for Defendant, Richard W. Allgood
3235 West Penn Street
Philadelphia, PA 19129

Parkway Mortgage, Inc.
1700 Galloping Hill Road
Kenilworth, NJ 08034

Greenfield Liquidation Corporation
359 James Street
Morristown, NJ 07960

J. Brian Moran
359 James Street
Morristown, NJ 07960

Mattleman, Weinroth & Miller, PC
401 Route 70 East
Cherry Hill, NJ 08034

**HARVEY, PENNINGTON, CABOT,
GRIFFITH & RENNEISEN, LTD.**

Dated: September ___, 2002    By: _____

Robert J. Murtaugh, Eqsuire
Attorney ID No. 57494
11 Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Interbay Funding, LLC and First Union
National Bank, As Indenture Trustee, now known as
Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCINDA GOODMAN

v.

PARKWAY MORTGAGE, INC., A
SUCCESSOR TO SAMMONS MORTGAGE,
INC., et al.

CIVIL ACTION

No.  02-CV-3647

**ENTRY OF APPEARANCE**

TO THE CLERK:

Kindly enter the appearance of Robert J. Murtaugh, Esquire of the firm Harvey, Pennington,

Cabot, Griffith & Renneisen, Ltd. on behalf of Defendants, Interbay Funding, LLC and First Union

National Bank, as Indenture Trustee, now known as Wachovia Bank, N.A. (Incorrectly named as

Wachovia National Bank of Delaware).

HARVEY, PENNINGTON, CABOT,
GRIFFITH & RENNEISEN, LTD.

Dated: September ___, 2002By: _____
                                    Robert J. Murtaugh, Esquire
                                    11 Penn Center, 29th Floor
                                    1835 Market Street
                                    Philadelphia, PA 19103
                                    (215) 563-4470

554207.1

Attorneys for Defendants, Interbay Funding, LLC and First Union National Bank, As Indenture Trustee, now known as Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| v. | No. 02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al. | |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, Interbay Funding, LLC ("Interbay") and First Union National Bank, as Indenture

Trustee, now known as Wachovia Bank, N.A. ("Wachovia"), by and through their undersigned

counsel, by way of answer to the complaint aver as follows:

1.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

2.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

3.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

4.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which

no responsive pleading is required by the Rules of Civil Procedure.

5.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

6.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

7.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

8.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

9.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

10.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

11.      No answer required.

12.     Admitted as qualified.  Wachovia Bank, N.A. is the successor to First Union National Bank.  First Union National Bank is the holder of the mortgage in question as Indenture Trustee under an agreement with Interbay Funding, LLC.

13.     Admitted as qualified.  Interbay Funding, LLC is the servicing agent for the loan in question under an agreement with First Union National Bank, now known as Wachovia Bank, N.A.

14.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

15.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

16.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

17.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

18.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

19.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

20.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

21.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

22.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

23.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

24.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

25.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

26.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

27.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

28.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

29.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

30.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

31.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

32.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

33.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

34.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

35.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

36.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

37.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

38.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

39.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

40.     Admitted as previously qualified.

41.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

42.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

43.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

44.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

45.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

## COUNT I
### HOME OWNERSHIP AND EQUITY PROTECTION ACT, 15 U.S.C. § 1639(a) ("HOEPA") AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

46.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 45 herein as fully as though set forth at length.

47.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

48.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

49.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

50.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

51.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

52.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT II
### TRUTH IN LENDING ACT, 15 U.S.C. § 1601, ET SEQ., ("TILA")
### AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

53.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 52 herein as fully as though set forth at length.

54.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

55.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

56.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

554207.1

## COUNT III
## EQUAL CREDIT OPPORTUNITY ACT
## ("ECOA"), 15 U.S.C. § 1691, ET SEQ.
## AGAINST THE PARKWAY DEFENDANTS

57.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 56 herein as fully as though set forth at length.

58.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

59.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

60.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT IV
## FRAUD
## AGAINST THE PARKWAY DEFENDANTS

61.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 60 herein as fully as though set forth at length.

62.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

63.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

64.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT V
## CONSPIRACY TO COMMIT FRAUD
## AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN WEINROTH & MILLER

65.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 64 herein as fully as though set forth at length.

66.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

67.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

68.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

69.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

70.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

71.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

72.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VI
## FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

73.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 72 herein as fully as though set forth at length.

74.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

75.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

76.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

**COUNT VII**
**CONSPIRACY TO COMMIT FRAUD**
**AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS**

77.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 76 herein as fully as though set forth at length.

78.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

79.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

80.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

81.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

82.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VIII
## CONVERSION
## AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN WEINROTH & MILLER

83.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 82 herein as fully as though set forth at length.

84.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

85.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

86.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

87.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

88.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

89.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

90.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

91.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

92.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT IX
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
## AGAINST THE PARKWAY DEFENDANTS

93.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 92 herein as fully as though set forth at length.

94.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

95.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

96.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

97.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

98.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

99.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

### COUNT X
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")

## AGAINST MATTLEMAN WEINROTH & MILLER

100.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

101.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

102.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

103.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

104.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

105.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

106.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT XI
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL") AGAINST THE PARKWAY DEFENDANTS AND ALLGOOD

107.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

108.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

109.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

110.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

### AFFIRMATIVE DEFENSES

111.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 110 herein as fully as though set forth at length.

112.    Plaintiff's claims for statutory damages under the Federal Truth in Lending Act are barred by the applicable statute of limitations as set forth in 15 U.S.C. § 1640(e).

113.    Plaintiff is personally obligated and liable to Defendants, Wachovia and Interbay for damages for breach of the underlying Note and Mortgage in an amount equal to the remaining principal balance together with continually accruing interest and other fees and charges as authorized by the Note and Mortgage, which amounts will be specifically proven by Wachovia and Interbay.

114.    Any liability for failure to give proper disclosures under the Federal Truth in Lending Act, Home Ownership Equity Protection Act, Equal Credit Opportunity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law, which liability is specifically denied, is limited as to Wachovia and Interbay because it acquired its interest in the loan by assignment and any violation of the aforesaid was not apparent on the face of the disclosures and supporting loan documents.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for damages for breach of the underlying Note and Mortgage in an amount equal to the remaining principal balance together with continually accruing interest and other fees and charges as authorized by the Note and Mortgage and for dismissal of the Complaint.

**HARVEY, PENNINGTON, CABOT,**
**GRIFFITH & RENNEISEN, LTD.**

Dated: September ___, 2002    By: _____

Robert J. Murtaugh, Eqsuire
Attorney ID No. 57494
11 Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Interbay Funding, LLC and First Union
National Bank, As Indenture Trustee, now known as
Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCINDA GOODMAN

v.

PARKWAY MORTGAGE, INC., A
SUCCESSOR TO SAMMONS MORTGAGE,
INC., et al.

CIVIL ACTION

No. 02-CV-3647

## CERTIFICATE OF SERVICE

Robert J. Murtaugh, Esquire, attorney for Interbay Funding, LLC and First Union National Bank as Indenture Trustee now known as Wachovia Bank, N.A., hereby certifies that true, correct and complete copies of Defendants, Interbay Funding, LLC and First Union National Bank as Indenture Trustee now known as Wachovia Bank, N.A.'s Answer to Complaint with Affirmative Defenses were served upon the following parties or their counsel of record by first class mail, postage prepaid on September ___, 2002:

Robert H. Montgomery, III, Esquire
Attorney for Plaintiff
230 South Broad Street
Suite 1302
Philadelphia, PA 19102

Michael K. Sullivan, Esquire
Attorney for Defendants, Parkway, Successor to Sammons & Midland Life
Blank, Rome, Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103

Joseph A. Gembala, Esquire

-1-

Attorney for Defendant, Richard W. Allgood
3235 West Penn Street
Philadelphia, PA 19129

Parkway Mortgage, Inc.
1700 Galloping Hill Road
Kenilworth, NJ 08034

Greenfield Liquidation Corporation
359 James Street
Morristown, NJ 07960

J. Brian Moran
359 James Street
Morristown, NJ 07960

Mattleman, Weinroth & Miller, PC
401 Route 70 East
Cherry Hill, NJ 08034

**HARVEY, PENNINGTON, CABOT, GRIFFITH & RENNEISEN, LTD.**

Dated: September ___, 2002    By:    _____
                                        Robert J. Murtaugh, Eqsuire
                                        Attorney ID No. 57494
                                        11 Penn Center, 29th Floor
                                        1835 Market Street
                                        Philadelphia, PA 19103
                                        (215) 563-4470
                                        Attorneys for Interbay Funding, LLC and First Union
                                        National Bank, As Indenture Trustee, now known as
                                        Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCINDA GOODMAN

v.

PARKWAY MORTGAGE, INC., A
SUCCESSOR TO SAMMONS MORTGAGE,
INC., et al.

CIVIL ACTION

No.  02-CV-3647

**ENTRY OF APPEARANCE**

TO THE CLERK:

Kindly enter the appearance of Robert J. Murtaugh, Esquire of the firm Harvey, Pennington,

Cabot, Griffith & Renneisen, Ltd. on behalf of Defendants, Interbay Funding, LLC and First Union

National Bank, as Indenture Trustee, now known as Wachovia Bank, N.A. (Incorrectly named as

Wachovia National Bank of Delaware).

HARVEY, PENNINGTON, CABOT,
GRIFFITH & RENNEISEN, LTD.

Dated: September ___, 2002   By:   _____
                                    Robert J. Murtaugh, Esquire
                                    11 Penn Center, 29th Floor
                                    1835 Market Street
                                    Philadelphia, PA 19103
                                    (215) 563-4470

554207.1

Attorneys for Defendants, Interbay Funding, LLC and
First Union National Bank, As Indenture Trustee, now
known as Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| v. | No.  02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al. | |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, Interbay Funding, LLC ("Interbay") and First Union National Bank, as Indenture Trustee, now known as Wachovia Bank, N.A. ("Wachovia"), by and through their undersigned counsel, by way of answer to the complaint aver as follows:

1.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

2.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

3.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

4.      Denied.  Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

5.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

6.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

7.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

8.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

9.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

10.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

11.      No answer required.

12.     Admitted as qualified.  Wachovia Bank, N.A. is the successor to First Union National Bank.  First Union National Bank is the holder of the mortgage in question as Indenture Trustee under an agreement with Interbay Funding, LLC.

13.     Admitted as qualified.  Interbay Funding, LLC is the servicing agent for the loan in question under an agreement with First Union National Bank, now known as Wachovia Bank, N.A.

14.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

15.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

16.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

17.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

18.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

19.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

20.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

21.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

22.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

23.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

24.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

25.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

26.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

27.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

28.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

29.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

30.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

31.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

32.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

33.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

34.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

35.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

36.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

37.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

38.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

39.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

40.    Admitted as previously qualified.

41.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

42.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

43.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

44.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

45.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

### COUNT I
### HOME OWNERSHIP AND EQUITY PROTECTION ACT,
### 15 U.S.C. § 1639(a) ("HOEPA")
### AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

46.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 45 herein as fully as though set forth at length.

47.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

48.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

49.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

50.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

51.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

52.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT II
## TRUTH IN LENDING ACT, 15 U.S.C. § 1601, ET SEQ., ("TILA")
## AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

53.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 52 herein as fully as though set forth at length.

54.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

55.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

56.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

554207.1

**COUNT III**
**EQUAL CREDIT OPPORTUNITY ACT**
**("ECOA"), 15 U.S.C. § 1691, ET SEQ.**
**AGAINST THE PARKWAY DEFENDANTS**

57.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 56 herein as fully as though set forth at length.

58.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

59.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

60.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

**COUNT IV**
**FRAUD**
**AGAINST THE PARKWAY DEFENDANTS**

61.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 60 herein as fully as though set forth at length.

62.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

63.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

64.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT V
## CONSPIRACY TO COMMIT FRAUD
## AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN WEINROTH & MILLER

65.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 64 herein as fully as though set forth at length.

66.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

67.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

68.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

69.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

70.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

71.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

72.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VI
## FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

73.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 72 herein as fully as though set forth at length.

74.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

75.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

76.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VII
## CONSPIRACY TO COMMIT FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

77.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 76 herein as fully as though set forth at length.

78.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

79.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

80.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

81.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

82.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VIII
## CONVERSION
## AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN WEINROTH & MILLER

83.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 82 herein as fully as though set forth at length.

84.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

85.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

86.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

87.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

88.     Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

89.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

90.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

91.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

92.     Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT IX
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
## <u>AGAINST THE PARKWAY DEFENDANTS</u>

93.     Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 92 herein as fully as though set forth at length.

94.      Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

95.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

96.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

97.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

98.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

99.      Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT X
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")

## AGAINST MATTLEMAN WEINROTH & MILLER

100.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

101.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

102.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

103.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

104.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

105.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

106.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

### COUNT XI
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
### AGAINST THE PARKWAY DEFENDANTS AND ALLGOOD

107.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

108.    Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

109.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

110.    Denied.  After reasonable investigation, Defendants, Wachovia and Interbay are without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for dismissal of the Complaint.

### AFFIRMATIVE DEFENSES

111.    Defendants, Wachovia and Interbay incorporate by reference the averments contained in paragraphs 1 through 110 herein as fully as though set forth at length.

112.    Plaintiff's claims for statutory damages under the Federal Truth in Lending Act are barred by the applicable statute of limitations as set forth in 15 U.S.C. § 1640(e).

113.    Plaintiff is personally obligated and liable to Defendants, Wachovia and Interbay for damages for breach of the underlying Note and Mortgage in an amount equal to the remaining principal balance together with continually accruing interest and other fees and charges as authorized by the Note and Mortgage, which amounts will be specifically proven by Wachovia and Interbay.

114.    Any liability for failure to give proper disclosures under the Federal Truth in Lending Act, Home Ownership Equity Protection Act, Equal Credit Opportunity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law, which liability is specifically denied, is limited as to Wachovia and Interbay because it acquired its interest in the loan by assignment and any violation of the aforesaid was not apparent on the face of the disclosures and supporting loan documents.

WHEREFORE, Defendants Wachovia and Interbay demand judgment in their favor and against the Plaintiff and for damages for breach of the underlying Note and Mortgage in an amount equal to the remaining principal balance together with continually accruing interest and other fees and charges as authorized by the Note and Mortgage and for dismissal of the Complaint.

**HARVEY, PENNINGTON, CABOT, GRIFFITH & RENNEISEN, LTD.**

Dated: September ___, 2002    By: _____

Robert J. Murtaugh, Eqsuire
Attorney ID No. 57494
11 Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Interbay Funding, LLC and First Union National Bank, As Indenture Trustee, now known as Wachovia Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| v. | No.  02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al. | |

## CERTIFICATE OF SERVICE

Robert J. Murtaugh, Esquire, attorney for Interbay Funding, LLC and First Union National Bank as Indenture Trustee now known as Wachovia Bank, N.A., hereby certifies that true, correct and complete copies of Defendants, Interbay Funding, LLC and First Union National Bank as Indenture Trustee now known as Wachovia Bank, N.A.'s Answer to Complaint with Affirmative Defenses were served upon the following parties or their counsel of record by first class mail, postage prepaid on September ___, 2002:

Robert H. Montgomery, III, Esquire
Attorney for Plaintiff
230 South Broad Street
Suite 1302
Philadelphia, PA 19102

Michael K. Sullivan, Esquire
Attorney for Defendants, Parkway, Successor to Sammons & Midland Life
Blank, Rome, Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103

Joseph A. Gembala, Esquire

554207.1                                    -1-

Attorney for Defendant, Richard W. Allgood
3235 West Penn Street
Philadelphia, PA 19129

Parkway Mortgage, Inc.
1700 Galloping Hill Road
Kenilworth, NJ 08034

Greenfield Liquidation Corporation
359 James Street
Morristown, NJ 07960

J. Brian Moran
359 James Street
Morristown, NJ 07960

Mattleman, Weinroth & Miller, PC
401 Route 70 East
Cherry Hill, NJ 08034

**HARVEY, PENNINGTON, CABOT,
GRIFFITH & RENNEISEN, LTD.**


Dated: September ___, 2002    By: _____

Robert J. Murtaugh, Eqsuire
Attorney ID No. 57494
11 Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(215) 563-4470
Attorneys for Interbay Funding, LLC and First Union
National Bank, As Indenture Trustee, now known as
Wachovia Bank, N.A.