IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCINDA GOODMAN, | : | CIVIL ACTION |
| | : | NO. 02-CV-3647 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| PARKWAY MORTGAGE, INC., | : | |
| a successor to SAMMONS | : | |
| MORTGAGE, INC., et al. | | |
| | | |
| Defendant | | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS, PARKWAY MORTGAGE, INC.,
A DELAWARE CORPORATION, AND MIDLAND NATIONAL
LIFE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**

Defendants, Parkway Mortgage, Inc. (a Delaware corporation) (referred to herein as "Parkway Delaware" and used herein as "Parkway Mortgage, Inc., a Successor to Sammons Mortgage, Inc.), and Midland National Life Insurance Company (together "Defendants") by their counsel Blank Rome Comisky & McCauley answer the Complaint as follows:

1. Defendants deny the averments of Paragraph 1.

2. The averments of Paragraph 2 are legal conclusions to which no responsive pleading is required and are therefore denied.

**Jurisdiction and Venue**

3. The averments of Paragraph 3 are legal conclusions to which no responsive pleading is required and are therefore denied.

4. The averments of Paragraph 4 are legal conclusions to which no responsive pleading is required and are therefore denied.

**Parties**

5. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 and they are therefore denied.

6. Defendants admit that Parkway Delaware is a Delaware corporation that from time to time was engaged in the business of consumer lending in Pennsylvania, New Jersey and elsewhere. Defendants deny the remaining averments of Paragraph 6.

7. Defendants admit that Midland National Life Insurance Company is an Iowa corporation affiliated with Parkway Delaware. Defendants deny the remaining averments of Paragraph 7.

8. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 and they are therefore denied.

9. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9 and they are therefore denied.

10. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 and they are therefore denied.

11. The averments of Paragraph 11 contain no factual pleadings, therefore no answer is required.

12. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 and they are therefore denied.

13. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 and they are therefore denied.

14. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 and they are therefore denied.

15. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 and they are therefore denied.

**Factual Background**

16. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 and they are therefore denied.

17. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 and they are therefore denied.

18. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 and they are therefore denied.

19. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 and they are therefore denied.

107773.00609/21068390v1

20. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 and they are therefore denied.

21. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 and they are therefore denied.

22. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 and they are therefore denied.

23. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 and they are therefore denied.

24. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 and they are therefore denied.

25. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 and they are therefore denied.

26. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26 and they are therefore denied.

107773.00609/21068390v1

27. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27 and they are therefore denied.

28. Defendants admit that the loan was in the amount of $29,250.00. After reasonable investigation, Defendants lack knowledge or information sufficient to forma belief as to the truth of the remaining averments of Paragraph 28 and they are therefore denied.

29. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29 and they are therefore denied.

30. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 30 and they are therefore denied.

31. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 31 and they are therefore denied.

32. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 32 and they are therefore denied.

33. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 33 and they are therefore denied.

34. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 34 and they are therefore denied.

35. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 35 and they are therefore denied.

36. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 36 and they are therefore denied.

37. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37 and they are therefore denied.

38. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 38 and they are therefore denied.

39. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 39 and they are therefore denied.

40. After reasonable investigation, Defendant lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 40 and they are therefore denied.

41. The averments of Paragraph 41 are legal conclusions to which no responsive pleading is required and are therefore denied.

42. The averments of Paragraph 42 are legal conclusions to which no responsive pleading is required and are therefore denied.

### Notice of Rescission

43. The averments of Paragraph 43 are legal conclusions to which no responsive pleading is required.

44. The averments of Paragraph 44 are legal conclusions to which no responsive pleading is required and are therefore denied.

45. The averments of Paragraph 45 are legal conclusions to which no responsive pleading is required and are therefore denied.

### Count I

### Home Ownership and Equity Protection Act 15 U.S.C. §1639(a) ("HOEPA") against the Parkway Defendants and First Union/Wachovia

46. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

47. The averments of Paragraph 47 are legal conclusions to which no responsive pleading is required and are therefore denied.

48. The averments of Paragraph 48 are legal conclusions to which no responsive pleading is required and are therefore denied.

49. The averments of Paragraph 49 are legal conclusions to which no responsive pleading is required and are therefore denied.

50. The averments of Paragraph 50 are legal conclusions to which no responsive pleading is required and are therefore denied.

107773.00609/21068390v1

51. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 51 and they are therefore denied.

52. The averments of Paragraph 52 are legal conclusions to which no responsive pleading is required and are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count II

### Truth in Lending Act, 15 U.S.C. §1601, et seq., ("TILA")
### Against the Parkway Defendants and First Union/Wachovia

53. Defendants incorporate by reference the responses to the above paragraphs as if set forth fully herein.

54. The averments of Paragraph 54 are conclusions of law to which no responsive pleading is required and are therefore denied.

55. The averments of Paragraph 55 are legal conclusions to which no responsive pleading is required and are therefore denied.

56. The averments of Paragraph 56 are conclusions of law to which no responsive pleading is required and are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count III

### Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, et seq. Against the Parkway Defendants

57. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

58. The averments of Paragraph 58 are conclusions of law to which no responsive pleading is required and are therefore denied.

59. The averments of Paragraph 59 are conclusions of law to which no responsive pleading is required and are therefore denied.

60. The averments of Paragraph 60 are conclusions of law to which no responsive pleading is required and are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count IV

### Fraud Against the Parkway Defendants

61. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

62. The averments of Paragraph 62 are denied as to the Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 62 and they are therefore denied.

63. The averments of Paragraph 62 are denied as to the Defendants. As to the remaining averments of Paragraph 63 after reasonable investigation Defendants lack knowledge or information sufficient to form a belief as their truth and they are therefore denied.

9

64. The averments of Paragraph 64 are legal conclusions to which no responsive pleading is required and are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count V

### Conspiracy to Commit Fraud Against the
### Parkway Defendants and Mattleman Weinroth and Miller

65. Defendants incorporate by reference their answers in the above paragraphs as if set forth fully herein.

66. The averments of Paragraph 66 contain legal conclusions to which no responsive pleading is required and are therefore denied.

67. The averments of Paragraph 67 are denied as to Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 67 and they are therefore denied.

68. Defendants admit that Plaintiff's loan was closed on or about September 6, 2000. Defendants deny the remaining averments of Paragraph 68.

69. The averments of Paragraph 69 are denied as to the Defendants. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 69 and they are therefore denied.

70. The averments of Paragraph 70 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 70 and they are therefore denied.

107773.00609/21068390v1

71. The averments of Paragraph 71 are denied as to the Defendants. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 71 and they are therefore denied.

72. The averments of Paragraph 72 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count VI

### Fraud Against Defendant Allgood and the Parkway Defendants

73. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

74. The averments of Paragraph 74 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 74 and they are therefore denied.

75. The averments of Paragraph 75 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 75 and they are therefore denied.

76. The averments of Paragraph 76 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

107773.00609/21068390v1

## Count VII

**<u>Conspiracy to Commit Fraud Against Defendant Allgood and the Parkway Defendants</u>**

77. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

78. The averments of Paragraph 78 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

79. The averments of Paragraph 79 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 79 and they are therefore denied.

80. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 80 and they are therefore denied.

81. The averments of Paragraph 81 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 81 and they are therefore denied.

82. The averments of Paragraph 82 contain conclusions of law to which no responsive pleading is required and they are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count VIII

**Conversion Against the Parkway Defendants and Mattleman, Weinroth and Miller**

83. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

84. Defendants admit that Plaintiffs received a loan as a result of the mortgage transaction. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 84 and they are therefore denied.

85. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 85 and they are therefore denied.

86. The averments of Paragraph 86 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 86 and they are therefore denied.

87. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 87 and they are therefore denied.

88. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 88 and they are therefore denied.

89. The averments of Paragraph 89 are legal conclusions to which no responsive pleading is required and are therefore denied.

90. The averments of Paragraph 90 are legal conclusions to which no responsive pleading is required and are therefore denied.

91. The averments of Paragraph 91 are legal conclusions to which no responsive pleading is required and are therefore denied.

92. The averments of Paragraph 92 are legal conclusions to which no responsive pleading is required and are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

### Count IX

**Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et. seq., ("UTPCPL") Against the Parkway Defendants**

93. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

94. The averments of Paragraph 94 are legal conclusions to which no responsive pleading is required and are therefore denied.

95. The averments of Paragraph 95 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 95 and are therefore denied.

96. The averments of Paragraph 96 are legal conclusions to which no responsive pleading is required and are therefore denied.

97. The averments of Paragraph 97 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 97 and are therefore denied.

107773.00609/21068390v1

98. The averments of Paragraph 98 are denied as to the Parkway Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 98 and are therefore denied.

99. The averments of Paragraph 99 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 99 and are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

## Count X

**Pennsylvania Unfair Trade Practices and Consumer Protection Law,
73 P.S. §201-1 et seq. ("ETPCPL") Against Mattleman, Weinroth and Miller**

100-106. The averments of Paragraph 100-106 are not directed to the Defendants. To the extent that these averments are directed to the Defendants, they are denied.

## Count XI

**Pennsylvania Unfair Trade Practices and Consumer Protection Law,
73 P.S. §201-1 et seq. ("ETPCPL") Against the Parkway Defendants and Allgood**

107. Defendants incorporate by reference their answers to the above paragraphs as if set forth fully herein.

108. The averments of Paragraph 108 are legal conclusions to which no responsive pleading is required and are therefore denied.

109. The averments of Paragraph 109 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 109 and they are therefore denied.

110. The averments of Paragraph 110 are denied as to the Defendants. After reasonable investigation Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 110 and they are therefore denied.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the applicable statutes of limitations and/or laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the doctrines of waiver for estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Any wrongs or damages suffered by the Plaintiffs are the result of the actions of other parties and not the Defendants.

WHEREFORE Defendants respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants and award Defendants its attorneys' fees, costs and such other relief as this Court deems just.

             BLANK ROME COMISKY & McCAULEY LLP

           By:_____
             Michael K. Sullivan, Esquire

             PA Attorney I.D. No. 56607
             One Logan Square
             Philadelphia, PA 19103
             (215) 569-5500

             Attorneys for Defendants,
             Parkway Mortgage, Inc. (a Delaware
             corporation) and Midland National Life
             Insurance Company

October 1, 2002

**CERTIFICATE OF SERVICE**

I, Michael K. Sullivan, certify that a true and correct copy of Answer and Affirmative Defenses of Defendants, Parkway Mortgage, Inc., a Delaware Corporation, and Midland National Life Insurance Company to Plaintiff's Complaint was served this 1st day of October, 2002 via U.S. mail, upon the following counsel of record:

>Robert H. Montgomery III, Esquire
>230 South Broad Street
>Suite 1302
>Philadelphia, PA  19102
>
>Attorney for Plaintiff,
>Lucinda Goodman
>
>Robert J. Murtaugh, Esquire
>Harvey Pennington Cabot, Griffith and Renne
>11 Penn Center
>1835 Market Street, 29th Floor
>Philadelphia, PA  19103
>
>Attorneys for Defendants
>Wachovia National Bank of Delaware and
>Interbay Funding, LLC
>
>Joseph A. Gembala, Esquire
>3235 West Penn Street
>Philadelphia, PA  19129
>
>Attorney for Defendant
>Richard W. Allgood
>
>Parkway Mortgage, Inc. (New Jersey Corp.)
>1700 Galloping Hill Road
>Kenilworth, NJ  08034
>
>Greenfield Liquidation Corp.
>359 James Street
>Morristown, NJ  07960

J. Brian Moran
359 James Street
Morristown, NJ  07960

_____
MICHAEL K. SULLIVAN