IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| v. | No. 02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al | |

**OPPOSITION TO MOTION FOR JUDGMENT BY**
**DEFAULT AGAINST MATTLEMAN WEINROTH & MILLER, P.C.**

Defendant, Mattleman, Weinroth & Miller ("MW&M"), by and through its undersigned counsel, hereby opposes the Motion of Plaintiff for Judgment by Default, and in response thereto avers as follows:

1. Plaintiff has failed to effect service as required by the applicable rules of court, and accordingly this motion should be denied. Fed.R.Civ.P. 4(h)(1) requires service of process to be completed upon a corporation by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process". Rule 4:4-4(a)(6) of the New Jersey Rules of Civil Procedure similarly requires service on a corporation to be completed by serving "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law...or on a person at the registered office of the corporation in charge thereof." Plaintiff served the summons and complaint upon Jennifer Harding, a secretary who is no longer with the firm, and who never had authority to accept service on behalf of MW&M. This issue is not disputed by Plaintiff. Indeed, Plaintiff does

   not contend that Ms. Harding was an authorized agent or a person in charge as required by the rules. Rather, Plaintiff only alleges that "an employee" was served on behalf of a professional corporation.

2.  Moreover, default judgment is not appropriate as MW&M never received actual notice of service of the summons and complaint. Ms. Harding did not forward the summons and complaint upon her receipt of service. As a consequence, the attorneys handling this matter on behalf of MW&M never received notice of service of the summons and complaint, and therefore were unaware of the need to file an answer or responsive pleading. This mistake/inadvertence does not harm or unduly prejudice any other party thereto, as this action is still in a preliminary stage. Accordingly, pursuant to Fed.R.Civ.P. 60(b) entry of default judgment is premature.

3.  It should also be noted that Plaintiff never requested from MW&M a waiver of service under Fed.R.Civ.P. (4)(d), and therefore any request for costs relating thereto are inappropriate. Furthermore, Plaintiff was on notice that MW&M had not received notice of service of a similar action filed by Plaintiff's counsel in this court, captioned *Helen Beyer v. Mattleman, Weinroth & Miller, et al.*, Civil Action No. 02-6754. The undersigned spoke with opposing counsel to determine the date of service in that action, who was made aware of MW&M's intent to respond to that action. No mention was ever made by Plaintiff's counsel of the subject action, that service was attempted, or that a default judgment motion was imminent. Mattleman, Weinroth & Miller attempted to address the inadequate service issue in this case by requesting entry of a stipulation of time to answer or

respond. Plaintiff has refused to agree to such request.

WHEREFORE, it is respectfully requested that Plaintiff's motion for default judgment be denied, and that Defendant, Mattleman, Weinroth & Miller be granted 20 days from the date of this Court's Order to answer or otherwise respond to the Complaint.

Respectfully submitted,

_____
Sharon Oras Morgan
Attorney for Defendant
Mattleman, Weinroth & Miller

October 17, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| 1. | |
| | No. 02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Plaintiff for Judgment by Default against Defendant Mattleman, Weinroth & Miller, P.C. and their opposition thereto;

IT IS HEREBY ORDERED that the motion is Denied, and that Defendant Mattleman, Weinroth & Miller shall file an answer or otherwise respond to the Complaint within 20 days of entry of this Order.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | CIVIL ACTION |
| 5. | |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al | No. 02-CV-3647 |

**CERTIFICATION OF MAILING**

    I hereby certify that on this date I caused to be served a true and correct copy of the foregoing paper(s) by regular mail, postage prepaid, on all counsel of record and unrepresented parties as follows:

Robert J. Murtaugh, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103
(Attorney for Wachovia and Interbay)

Robert H. Montgomery, III, Esq.
230 South Broad Street
Suite 1302
Philadelphia, PA 19102
(Attorney for Lucinda Goodman)

Joseph A. Gembala, III, Esq.
3235 W. Penn Street
Philadelphia, PA 19129
(Attorney for Richard W. Allgood, IFA)

Michael K. Sullivan, Esquire
Blank, Rome, Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103-6998
(Attorney for Parkway/Sammons and Midland)

Parkway Mortgage, Inc.
359 James Street
Morristown, NJ 07960

J. Brian Moran
359 James Street
Morristown, NJ 07960

Greenfield Liquidation Corp.
359 James Street
Morristown, NJ 07960

DATED:                                                               _____
                                                                             Sharon Oras Morgan, Esquire