**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lucinda Goodman | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-3647 |
| | : | |
| v. | : | |
| | : | |
| Parkway Mortgage, Inc., a Successor to | : | |
| Sammons Mortgage, Inc.; Midland National | : | |
| Life Insurance Co.; Parkway Mortgage, | : | |
| Inc.; Greenfield Liquidation Corporation; | : | |
| J. Brian Moran; Wachovia National Bank of | : | |
| Delaware as Successor in Interest to First | : | |
| Union National Bank; Interbay Funding, | : | |
| LLC;  Mattleman, Weinroth & Miller, | : | |
| P.C.; and Richard W. Allgood, IFA | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S REPLY TO THE ANSWER OF
MATTLEMAN WEINROTH & MILLER, P.C. TO PLAINTIFF'S MOTION FOR
JUDGMENT BY DEFAULT**

Plaintiff Lucinda Goodman, by and through counsel, hereby responds to the Answer filed by

Mattleman, Weinroth & Miller, P.C. to Plaintiff's Motion for Default Judgment as follows:

<u>FACTS</u>

This lawsuit arises out of a "predatory lending" scheme in which Plaintiff, Lucinda Goodman,

sought a small loan for home improvements and ended up giving a mortgage on her home in an

amount close to $30,000.00.  The Complaint in this case was filed by Plaintiff on June 7, 2002 against

several parties including the closing/escrow agent involved with the loan, Mattleman, Weinroth &

Miller, P.C. (hereinafter "Mattleman").

Plaintiff served Mattleman at their principal offices, 401 Route 70 East, Cherry Hill, NJ 08034

by way of personal service on June 26, 2002.  A true and correct copy of the Return of Service is

attached hereto as Exhibit "A." After receiving no response from Mattleman for almost three months, Plaintiff filed a Motion for Judgment by Default against Mattleman on September 25, 2002. Consistent with its cavalier approach to this litigation, on October 17, 2002, Mattleman filed an untimely response to Plaintiff's Motion.

Mattleman is a law firm with offices in Pennsylvania and New Jersey that regularly handles mortgage foreclosure cases and, upon information and belief, routinely takes default judgments against low-income homeowners who default on their mortgages. Despite having such legal expertise, Mattleman claims that Jennifer Harding, the secretary who greeted the process server at Mattleman's place of business during normal business hours and who accepted service of the Complaint on behalf of Mattleman, never had authority to accept service. Mattleman also claims that Ms. Harding is no longer employed by the company.

Plaintiff, however, hired a reputable local business, Legal Beagle, to serve the Complaint and the process server from Legal Beagle, Mike McPhillips, has sworn out an affidavit stating that Ms. Harding advised him that she was in charge and could accept service on behalf of Mattleman. A true and correct copy of the affidavit of Mr. McPhillips is attached hereto as Exhibit "B." Mr. McPhillips also states in his affidavit that he walked in the front door of Mattleman's office during normal business hours.

Mattleman has shown a pattern of failing to respond to such litigation. In February 2002, Plaintiff's counsel filed a similar lawsuit in the United States District Court for the Eastern District of Pennsylvania in which Mattleman is a Defendant, Rodriguez v. Parkway Mortgage, Inc. et al, Civil Action No. 02-CV-729. In that case, Plaintiff's counsel served a shareholder of the corporation and

Mattleman failed to respond to that case as well.  In fact, a Motion for Default Judgment was filed in that case and Mattleman has not responded to that Motion.

## <u>DISCUSSION</u>

Plaintiff's Motion for Judgment by Default against Mattleman should be granted as uncontested because Mattleman has failed to file a timely response.  Plaintiff filed the Motion on September 25, 2002 and served it by regular mail on Mattleman on that date.  Local Civil Rule 7.1 states that "...any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  In the absence of timely response, the motion may be granted as uncontested..."  Pursuant to Fed. R. Civ. P. 6(c), Mattleman had three (3) additional days, for a total of seventeen (17) days, to respond to Plaintiff's Motion.  Mattleman did not file its response until October 17, 2002, two days after the expiration of the deadline to respond.  Mattleman has shown a pattern of disregard for the legal process in its failure to timely respond to this Motion and its failure to respond this lawsuit and the <u>Rodriguez</u> lawsuit also filed against it in the United States District Court for the Eastern District of Pennsylvania.  Plaintiff's Motion should, therefore, be granted as uncontested.

Regardless, Plaintiff properly served her Complaint on Mattleman and her Motion for Judgment by Default should be granted on its merits.  The Federal Rules of Civil Procedure provide for service either in accordance with the federal standards for service, or "pursuant to the law of the state in which the district court is located, or in which service is effected."  Fed. R. Civ. P. 4(e)(1). Accordingly, service is proper if it comports with the requirements of federal law, Pennsylvania law, or New Jersey law.

Pennsylvania authorizes service upon corporations by handing a copy to any of the following persons: "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation..., or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424. The Pennsylvania appellate courts have held that service of process on the receptionist of a corporation is proper service when the receptionist identifies herself as the person in charge. Cintas Corp. V. Lee's Cleaning Services, 549 Pa. 84, 700 A.2d 915, (Pa. 1997); Hopkinson v. Hopkinson, 323 Pa. Super. 404, 470 A.2d. 981 (1984). In the present case, in response to the process server's request to see the person in charge to accept service of legal documents on behalf of Mattleman, Ms. Harding stated that she could accept the documents and she signed an acknowledgment of receipt of the Complaint and Summons. See Affidavit of Mike McPhillips at ¶¶ 9-10. Therefore, service is proper under Pennsylvania law.

New Jersey authorizes service "Upon a corporation, by serving a copy of the summons and complaint...on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof..." Rule 4:4-4(a)(6) of the New Jersey Rules of Civil Procedure. It is the law of New Jersey that service of process is properly made upon a corporation's receptionist, where the receptionist represented to the process server that she was authorized to accept service. Local 478 v. Baron Holding Corp., 224 N.J. Super. 485 (1988). In the present case, Ms. Harding represented to Mr. McPhillips that she was authorized to accept service on behalf of Mattleman, therefore, service is proper under New Jersey law. See Affidavit of Mike McPhillips at ¶¶ 9-10.

Mattleman makes the unsupported claim that "Ms. Harding did not forward the summons and complaint upon her receipt of service" and, therefore, mistake or inadvertence is the reason why it did not respond to the Complaint. Mattleman, however, has failed to provide any explanation or provide any specific support for why there was mistake or inadvertence. See Smith v. Kincaid, 249 F.2d 243 (1957) (Motion to vacate default judgment denied where movant failed to provide facts pointing out in any way that there was any mistake, inadvertence, excusable neglect or other reason justifying relief from judgment).

Mattleman further claims that, pursuant to Fed. R. Civ. P. 60(b), entry of default is premature. Pursuant to Fed. R. Civ. P. 60(b), however, a party must show that they have a good claim or defense to the action. River Trading Company, LTD, v. High Ridge Mining, Inc., et al., 179 F.R.D. 214 (E.D. Ky. 1998). Mattleman's answer to Plaintiff's Motion is silent in this regard and therefore, Mattleman has failed to comply with the provisions of Fed. R. Civ. P. 60(b).

Since Plaintiff properly served Mattleman pursuant to the Rules of Civil Procedure of Pennsylvania and New Jersey, pursuant to Fed. R. Civ. P. 4 (e), Mattleman has been properly served with the Complaint in this action. Since Mattleman has failed to plead or otherwise defend this action in accordance with the Federal Rules of Civil Procedure and since Mattleman failed to file a timely response to the present Motion, Plaintiff is entitled to Judgment by Default against Mattleman pursuant to Fed. R. Civ. P. 55.

**CONCLUSION**

Based upon the foregoing discussion, authorities cited and the affidavit presented to this Court, Plaintiff respectfully asks this Court to enter a default judgment against Mattleman in the amount set forth in its Motion for Default Judgment.

Respectfully Submitted,

Robert H. Montgomery, III, Esquire, P.C.

_____
Robert H. Montgomery, III, Esquire
Adam A. DeSipio, Esquire
230 South Broad Street
Suite 1302
Philadelphia, PA 19102
(215) 731-1404

Attorneys for the Plaintiff
Lucinda Goodman

Date: October 25, 2002