IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN <br><br> v. <br><br> PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al | CIVIL ACTION <br><br> No. 02-CV-3647 |

**SUPPLEMENTAL REPLY OF MATTLEMAN WEINROTH & MILLER TO PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Defendant, Mattleman, Weinroth & Miller (MW&M), by and through undersigned counsel, hereby responds to the reply of Plaintiff relative to the pending Motion for Default Judgment, as follows:

Plaintiff's reply and other moving papers misstate the issues now before this court by suggesting that MW&M has purposefully been ignoring this litigation.  To the contrary, MW&M has failed to respond to the complaint as it was unaware that the complaint had been served, via process server, on a former employee who never forwarded the service of process documents to the managing attorney of the firm or otherwise indicated that process had been served.  Upon receiving a copy of the subject motion, Plaintiff's counsel was immediately contacted, on multiple occasions, in an effort to resolve the default issue and promptly respond to the action. Those calls were never returned, whereupon MW&M filed a response and notice of appearance in this case.

As mentioned in their reply, Plaintiff's counsel has instituted a number of similar actions, some of which name MW&M, and some of which have involved only MW&M responding to subpoenas, to which MW&M has fully responded.  Indeed, as reflected in correspondence from Plaintiff's counsel dated May 20, 2002 in related litigation attached hereto as Exhibit "A", Plaintiff was aware that MW&M was responding to requests made by the Plaintiff, yet failed to forward a

waiver of service or otherwise provide notice of intent to take default in the subject action brought on behalf of the same plaintiff. Moreover, MW&M contacted Plaintiff's counsel in the matter of *Beyer v. Mattleman, et al.*, filed in this court as no. 02-6754 to request an extension of time to answer the complaint, which extension was granted. MW&M submits that pursuant to Fed.R.Civ.P. 55(b)(2), Plaintiff had an obligation to provide written notice to MW&M of the subject application for judgment, as Plaintiff was aware that MW&M was defending other actions, and had previously cooperated in a similar action brought by the same plaintiff. The notice required under rule 55(b)(2) was never provided. This failure to give the required three day notice warrants denying Plaintiff's Motion. *See Walsh v. Smithkline Beckman, et al.*, 1990 WL 76460 (E.D.Pa.)

Insofar as MW&M was unaware that process was effected in this action or any other action brought by Plaintiffs counsel, such oversight was unintentional, and upon receiving notice of same immediate steps were taken by MW&M to obtain copies of all pleadings and motions and respond to same. Furthermore, any such oversight has not resulted in any prejudice to the Plaintiff or any other party. Finally, MW&M has meritorious defenses to the allegations set forth in the complaint, and specifically denies those allegations as they relate to MW&M. Accordingly, the facts of this case support denying the Plaintiff's motion and allowing MW&M to respond to the Complaint and address the merits of the case. *See Accu-Weather, Inc. v. Reuters, Ltd.,* 779 F.Supp. 801, 802 (M.D.Pa.1991); *see also Harad v. Aetna Casualty and Surety Co.,* 839 F.2d 979 (3rd Cir. 1988).

For the foregoing reasons, it is respectfully requested that Plaintiff's Motion for Default Judgment be denied.

                                  Respectfully submitted,
                                  Mattleman, Weinroth & Miller

_____
Sharon Oras Morgan, Esquire
Counsel for Defendant,
October 31, 2002                  Mattleman, Weinroth & Miller