IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA GOODMAN | \| |
| | \| CIVIL ACTION |
| v. | \| |
| | \| No. 02-CV-3647 |
| PARKWAY MORTGAGE, INC., A SUCCESSOR TO SAMMONS MORTGAGE, INC., et al | \| |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Mattleman, Weinroth & Miller, by undersigned counsel, by way of answer to the complaint avers as follows:

1. Denied. Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

2. Denied. Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

3. Denied. Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

4. Denied. Plaintiff's Preliminary Statement contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

5. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

6. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

7. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

8. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

9. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

10. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

11. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

12. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

13. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

14. Admitted that Mattleman, Weinroth & Miller is a corporation that provides legal services in New Jersey and Pennsylvania and is located at 401 Route 70 East, Cherry Hill, NJ 08034. The remainder of the paragraph is denied as calling for a conclusion of law.

15. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

16. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

17. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

18. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

19. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

20. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

21. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

22. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

23. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

24. Denied. Mattleman, Weinroth & Miller does not presently employ the attorney who attended the subject closing.

25. Admitted that Mattleman, Weinroth & Miller represented Parkway Mortgage, Inc. relative to the closing. Denied as to the remaining allegations of this paragraph as Mattleman, Weinroth & Miller, after reasonable investigation is without knowledge sufficient to form a belief as to the truth of these averments, and strict proof there of is demanded at trial.

26. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

27. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

28. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues. By way of further answer,

the loan documents speak for themselves and no further answer is required.

29. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues. By way of further answer, it is specifically denied that Mattleman, Weinroth & Miller did not provide adequate information to the plaintiff.

30. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

31. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

32. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues. By way of further answer, it is denied that Mattleman, Weinroth & Miller retained any monies.

33. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

34. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

35. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

36. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

37. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

38. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

39. Denied that Mattleman, Weinroth & Miller failed to payoff certain debts under the terms of the loan. The remaining allegations are specifically denied and strict proof demanded at time of trial if relevant to the issues.

40. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant to the issues.

41. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

42. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

## **NOTICE OF RECISSION**

43. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

44. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

45. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

## COUNT I
## HOME OWNERSHIP AND EQUITY PROTECTION ACT,
## 15 U.S.C. § 1639(a)("HOEPA")
## AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

46. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 45 herein as fully as though set forth at length.

47. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

48. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

49. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

50. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

51. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

52. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants, Mattleman, Weinroth & Miller demand judgement in their favor and against the plaintiff and for dismissal of the Complaint.

## COUNT II
## TRUTH IN LENDING ACT, 15 U.S.C. § 1601. ET SEQ., ("TILA")
## AGAINST THE PARKWAY DEFENDANTS AND FIRST UNION/WACHOVIA

53. Defendants, Mattleman, Weinroth & Miller incorporated by reference the answers to

averments contained in paragraphs 1 through 52 herein as fully as though set forth at length.

54. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

55. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

56. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT III
## EQUAL CREDIT OPPORTUNITY ACT
## ("ECOA"), 15 U.S.C. § 1691, ET SEQ.
## AGAINST THE PARKWAY DEFENDANTS

57. Defendants, Mattleman, Weinroth & Miller incorporate in reference the answers to averments contained in paragraphs 1 through 56 herein as fully as though set forth at length.

58. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

59. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

60. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT IV
## FRAUD
## **AGAINST THE PARKWAY DEFENDANTS**

61. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 60 herein as fully as though set forth at length.

62. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

63. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

64. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for the dismissal of the Complaint.

## COUNT V
## CONSPIRACY TO COMMIT FRAUD
## **AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN, WEINROTH & MILLER**

65. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 64 herein as fully as though set forth at length.

66. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

67. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

68. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

69. Denied.  This averment contains conclusions of law and fact to which no responsive

pleading is required by the Rules of Civil Procedure.

70. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

71. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

72. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VI
## FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

73. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 72 herein as fully as though set forth at length.

74. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

75. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

76. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VII
## CONSPIRACY TO COMMIT FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

77. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 76 herein as fully as though set forth at length.

78. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

79. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

80. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

81. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

82. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for dismissal of the Complaint.

## COUNT VIII
## CONVERSION
## AGAINST THE PARKWAY DEFENDANTS AND MATTLEMAN, WEINROTH & MILLER

83. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 82 herein as fully as though set forth at length.

84. Denied.  This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

85. Denied.  This averment contains conclusions of law and fact to which no responsive

pleading is required by the Rules of Civil Procedure.

86. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

87. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

88. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

89. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

90. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

91. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

92. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for the dismissal of the Complaint.

## COUNT IX
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
## AGAINST THE PARKWAY DEFENDANTS

93. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 92 herein as fully as though set forth at length.

94. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

95. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

96. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

97. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

98. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

99. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for the dismissal of the Complaint.

## COUNT X
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")
## AGAINST MATTLEMAN, WEINROTH & MILLER

100. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 99 herein as fully as though set forth at length.

101. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

102. Denied. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant of the issues.

103. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure. After reasonable investigation,

Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant of the issues.

104. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure. After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant of the issues.

105. Denied. It is specifically denied that Mattleman, Weinroth & Miller engaged in fraud or any other wrongdoing and denied that any benefit resulted. Denied that the loan was onerous or unfair.

106. Denied. It is specifically denied that Mattleman, Weinroth & Miller committed unfair and deceptive trade practices and denies all factual allegations set forth herein and demands strict proof thereof at time of trial.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for the dismissal of the Complaint.

**COUNT XI**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW, 73 P.S. § 201-1 ET SEQ., ("UTPCPL")**
**AGAINST THE PARKWAY DEFENDANTS AND ALLGOOD**

107. Defendants, Mattleman, Weinroth & Miller incorporate by reference the answers to averments contained in paragraphs 1 through 106 herein as fully as though set forth at length.

108. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.

109. Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure. After reasonable investigation, Mattleman,

Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant of the issues.

110.   Denied. This averment contains conclusions of law and fact to which no responsive pleading is required by the Rules of Civil Procedure.  After reasonable investigation, Mattleman, Weinroth & Miller is without knowledge or information sufficient to form a belief as to the truth of these averments, wherefore same are denied and strict proof demanded at time of trial if relevant of the issues.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for the dismissal of the Complaint.

### **AFFIRMATIVE DEFENSES**

1. The Plaintiff's claims are barred by the applicable statute of limitations.
2. The Plaintiff fails state a claim upon which relief can be granted.
3. The Plaintiff's claims are barred by the theories of waiver and estoppel.
4. The Plaintiff's claims are barred by laches.
5. Any liability alleged herein is the result of actions of other parties.

WHEREFORE, Defendants Mattleman, Weinroth & Miller demand judgement in their favor and against the Plaintiff and for the dismissal of the Complaint.


Mattleman, Weinroth & Miller

Dated: April 8, 2003

By _____
Sharon Oras Morgan, Esq.
Attorney for Defendant
Mattleman, Weinroth & Miller