IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lucinda Goodman | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-3647 |
| | : | |
| v. | : | |
| | : | |
| Parkway Mortgage, Inc., a Successor to Sammons Mortgage, Inc., et al. | : | |
| | : | |
| Defendants | : | |
| | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO PRELIMINARY OBJECTIONS (MOTION TO DISMISS) OF DEFENDANT RICHARD W. ALLGOOD**

**I.    INTRODUCTION**

Defendant Richard W. Allgood ("Allgood") has filed preliminary objections to the complaint in the above-referenced matter. This Court by order dated March 27, 2003, indicated that the preliminary objections shall be treated as a Motion to Dismiss under the Federal Rules of Civil Procedure and ordered Plaintiff to respond accordingly.

Allgood's motion raises two central arguments as to why Plaintiff's action should be dismissed- both of which should fail. First, he argues that Plaintiff has failed to assert a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). That argument is based on Allgood's flawed premise that Plaintiff has not purchased a service from Allgood. However, Allgood has admitted in his motion that Plaintiff paid for the services which Allgood performed. Second, Allgood argues that Plaintiff has failed to meet the specificity requirement provided for by FRCP 9 in pleading her UTPCPL claim. However, Allgood's argument in this regard is based on the misstatement that the UTPCPL's "catch-all" provision requires a plaintiff to prove the

elements of common law fraud and fails to acknowledge that the UTPCPL was amended in 1996 and, consequently, resulted in that requirement being abolished.

The claims raised by Counts VI, VII and XI raise significant public policy issues in the context of predatory home equity lending in Pennsylvania. An inflated appraisal is the essential ingredient of many exploitive home equity loans. For one, it allows a lender to charge more fees, which are customarily tied to a percentage of the loan. Second, it places the borrower in a loan far in excess of market value of the home, preventing the borrower from refinancing on more favorable terms and thereby locking the borrower into the exploitive terms. Finally, the inflated appraisal facilitates the lender's efforts to move unsecured debt, such as credit card debt, into a thirty-year mortgage secured by the borrower's home. If the borrower ever becomes unable to make the payments, which is an inevitability in many predatory loans, bankruptcy is no longer an option, unless the borrower is willing to give up her or his home. Lenders count on a handful of appraisers who will provide whatever appraised value is needed in order to facilitate the loan for the broker.

## II. ARGUMENT

### A. STANDARD FOR A MOTION TO DISMISS

In deciding a motion to dismiss, the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

> "At this state of the litigation, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). In deciding a motion to dismiss, a district court also may consider exhibits attached to the complaint and matters of public record. See Pension

Benefit Guar. Corp. V. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.' Id. (citations omitted)."

Phoenix Four Grantor Trust #1 v. 642 North Broad Street Associates, 2000 U.S. Dist. LEXIS 9149 (E.D. Pa. 2000).

Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim. F.R.C.P. 8; Remick v. Manfredy, 238 F.3d 248, 264 (3d Cir. 2001); Foulk v. Donjon Marine Co., 144 F.3d 252 (3d Cir. 1998) . In Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957), the Supreme Court set out the proper role of pleadings:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Id. (citations omitted); see also Universe Tankships, Inc. v. United States, 528 F.2d 73, 75 (3d Cir. 1975) (notice pleading requires a party only to "disclose adequate information as the basis of his claim for relief."); Quinones v. United States, 492 F.2d 1269, 1273 (3d Cir. 1974) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief").

**B.   Plaintiff has stated and adequately pled a cause of action for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law against Defendant Allgood in Count XI of the Complaint.**

**1. The transaction between Plaintiff and Allgood falls within the scope of the UTPCPL.**

Allgood's argument that Plaintiff did not purchase any services from Allgood is entirely without merit as Plaintiff has alleged in the Complaint at paragraph 32 that:

> 32.  Prior to the loan closing, Plaintiff had to pay for an appraisal of her property in the amount of $325.00.  Because the appraisal was overstated, the fee for the appraisal does not constitute a bona fide reasonable charge and, therefore, constitutes an undisclosed finance charge.

Allgood's argument that he was hired by Parkway and owed no duty to Plaintiff (even though she paid him) only serves to support Plaintiff's claims that he was in cahoots with the other parties. The case cited by Allgood, Lauer v. McKean Corp., 2 Pa. D.C. 4th 394 (1989), is not persuasive, is not controlling and is in no way even similar to the present case.  Allgood's conduct and participation in this predatory lending scheme falls squarely within the scope and spirit of the UTPCPL.

**2. The UTPCPL no longer requires a plaintiff to prove the elements of common law fraud.**

Allgood relies on Hammer v. Nikol, 659 A.2d 617, 620 (Pa. Comm. 1995), to support his argument that in order to state a claim for relief under the "catch-all" provision of the UTPCPL, a plaintiff must allege and prove all of the elements of common law fraud.  Allgood's reliance on Hammer, however, is misplaced because Hammer interprets the "catch-all" provision of the UTPCPL prior to the 1996 Amendment.

Before 1996, the "catch-all" provision of the UTPCPL found at subsection **xvii** prohibited only "fraudulent conduct, which creates a likelihood of confusion or of misunderstanding."  73 Pa.

C.S. § 201-2(4)(xvii). This required plaintiffs pleading a violation of the "catch-all" provision to prove all of the elements of common law fraud. See, e.g., <u>Prime Meats, Inc. v. Yochim</u>, 422 Pa. Super. 460, 619 A.2d 769, 773-74 (Pa. Super. 1993).

In 1996, the Pennsylvania Legislature amended the "catch-all" provision to prohibit deceptive conduct in addition to fraudulent conduct and now the "catch-all" provision found at subsection **xxi** prohibits a person from "Engaging in any other fraudulent **or deceptive** conduct which creates a likelihood of confusion or of misunderstanding." (emphasis added) 73 Pa. C.S. § 201-2(4)(xxi). Importantly, as a result of the 1996 amendment, the numbering of the "catch-all" provision changed from 73 Pa. C.S. § 201-2(4)**(xvii)** to 73 Pa. C.S. § 201-2(4)**(xxi)**.

In <u>Hammer</u>, on which Allgood relies, the Court ruled:

> [t]he section of the CPL at issue was the "catchall" clause which provides that "engaging in any other fraudulent conduct which creates the likelihood of confusion or of misunderstanding" constitutes an unfair method of competition or an unfair or deceptive act or practice.' (Section 2(4)(xvii) of the CPL, 73 Pa. C.S. § 201-2(4)(xvii)).

<u>Id</u> at 619. Significantly, the Court cited the pre-amendment provision which is contained in subsection **xviii**, rather than the post-amendment provision found at subsection **xxi** of the statute.

Several courts have interpreted this statute since the amendment, however, there has been a line of cases that has failed to recognize or acknowledge the amendment. However, those decisions were properly distinguished in <u>Weiler v. Smithkline Beecham Corporation</u>, March Term, 2001, No. 2422 (C.P. Phila. October 8, 2001) attached as Exhibit "A" at 5. <u>See</u> <u>also</u> <u>Com. By Fisher v. Allstate Insur. Co.</u>, memorandum opinion by Judge Pellegrini filed January 18, 2001 (Commonwealth Court of Pennsylvania) attached as Exhibit "B."

It is clear, however, based on the analysis set forth in <u>Weiler</u>, that the addition of the word

"deceptive" was intended to cover conduct other than fraud and, therefore, a Plaintiff is not required to plead the common law elements of fraud in order to state a claim under the "catch-all" provision of the UTPCPL. 73 Pa. C.S. 201-2(4)(xxi). Weiler v. Smithkline Beecham Corporation, March Term, 2001, No. 2422 (C.P. Phila. October 8, 2001). In Weiler, the Court stated:

> When construing a statute, 'the legislature is presumed to have intended to avoid mere surplusage; thus, whenever possible, courts must construe a statute so as to give effect to every word contained therein.' Berger v. Rinaldi, 438 Pa. Super. 78, 86, 651 A.2d 553, 557 (1994). If the legislature modifies the language of a given statute, the amendment 'ordinarily indicates a change in the legislative intent.' Commonwealth v. Pierce, 397 Pa. Super. 126, 130 579 A.2d 963, 965 (1990)(citing Masland v. Bachman, 473 pa. 280, 289, 374 A.2d 517, 521 (1977)).
>
> Here, the insertion of the phrase 'or deceptive' implies that _either_ deceptive _or_ fraudulent conduct constitutes a violation of the Catchall Provision and that deceptive conduct is not the same as fraudulent conduct. Moreover, it is clear from the legislative history of the Catchall Provision amendment that the General Assembly's intent was to expand the scope of the UTPCPL. See, e.g., Pa. Legis. Journal - Senate 1996, v. II, p. 2427-28 (discussing general motivations for UTPCPL amendments). This conclusion also comports with the Pennsylvania Supreme Court's instructions that the UTPCPL 'is to be construed liberally to effect its object of preventing unfair or deceptive practices.' Commonwealth v. Monumental Props., 459 Pa. 450, 460, 329 A.2d 812, 817 (1974). See also Wallace v. Pastore, 742 A.2d 1090, 1093 (Pa. Super. Ct. 1999)(citing Monumental Properties and applying the UTPCPL liberally in a private action context). Given these circumstances, the Court must conclude that the purpose of the 1996 amendment was to eliminate the requirement that a plaintiff plead all the elements of fraud to sustain a claim under the Catchall Provision. To hold otherwise would be to find the word 'deceptive' redundant and would clash with the rules of statutory interpretation.

Weiler at 3-4. See also In re Patterson, 263 B.R. 82, 92 n. 17 (Bankr. E.D. Pa. 2001) (concluding that "the addition of the word 'deceptive' was intended to cover conduct other than fraud which was clearly embraced by the pre-amendment statute").

Notwithstanding that it is no longer necessary to prove common law fraud under the "catch-all" provision of the UTPCPL, the Complaint makes out a claim for common law fraud against

Allgood. The Complaint alleges in paragraph 110 that Allgood committed unfair and deceptive trade practices, including, but not limited to, the following: (a) Defendants grossly exaggerated the value of the Premises in the appraisal of $46,000.00 where, upon information and belief, the property had a much lower value than the value at which it was appraised so that Plaintiff would qualify for a Loan with the Parkway Defendants in a higher amount than Plaintiff would otherwise qualify for; (b) Defendants worked together to overstate the value of the property to facilitate a loan for a greater amount of money than the property was worth so that it would be impossible for Plaintiff to refinance the Loan with another lender; (c) Defendant Allgood violated the Uniform Standards of Professional Appraisal Practice and the Real Estate Appraisers Certification Act; and (d) Defendants engaged in other fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding. It is further alleged in the Complaint that the loan proceeds were disbursed based on the representations of Allgood. The reasonable inference from the allegations in the Complaint, therefore, is that Plaintiff has alleged all of the elements of common law fraud against Allgood. Nevertheless, the Complaint sets forth allegations of deceptive acts and should proceed against Allgood under the "catch-all" provision of the UTPCPL.

    **C.**    **Plaintiff has sufficiently pleaded her fraud claims.**

While FRCP 9 requires a party pleading fraud to plead with particularity, Plaintiff has more than adequately met this requirement as set forth in Allgood's motion and as follows:

**COUNT VI-FRAUD**
**AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS**

    74.    Defendants made material misrepresentations and omitted material information in order to induce Plaintiff to enter into the Loan including, but not limited to:
        a.    Defendants misrepresented to Plaintiff that the appraisal of the

      premises was based upon the value of comparable properties;

b.     Defendants failed to clearly explain to Plaintiff their motives in generating an appraisal for more than the value of the Premises;

c.     Defendants misrepresented to Plaintiff that she would benefit from the appraisal of the Premises; and

d.     Defendants misrepresented to Plaintiff that they were acting in her best interest when they conspired to generate an appraisal for more than the value of the Premises

75. The above misrepresentations and omissions were made with knowledge of their falsity and with the intent to induce Plaintiff to enter into the contract and Plaintiff reasonably relied on them and suffered damages as a result.

## COUNT VII- CONSPIRACY TO COMMIT FRAUD
## AGAINST DEFENDANT ALLGOOD AND THE PARKWAY DEFENDANTS

78. The Parkway Defendants and Allgood unlawfully and with intent to defraud the Plaintiff conspired and agreed together to injure the Plaintiff and to deceive Plaintiff into entering into this fraudulent and unlawful Loan by engaging in conduct which includes, but is not limited to the following:

a.     Defendants conspired and agreed to misrepresent to Plaintiff that the appraisal of the premises was based upon the value of comparable properties;

b.     Defendants conspired and agreed to conduct an appraisal of the premises that was not based upon the value of comparable properties;

c.     Defendants conspired and agreed to misrepresent to Plaintiff their motives in generating an appraisal for more than the value of the Premises;

d.     Defendants conspired and agreed to generate an inflated appraisal of the premises so that the Parkway Defendants could make a secured loan in an amount high enough in relation to the value of the Premises so that Plaintiff is unable to refinance her Loan with the Parkway Defendants'

    competitors;

 e. Defendants conspired and agreed to misrepresent to Plaintiff that she would benefit from the appraisal of the Premises; and

 f. Defendants conspired and agreed to misrepresent to Plaintiff that they were acting in her best interest when they generated an appraisal for more than the value of the Premises

 79. Prior to the Loan closing, the Parkway Defendants and Allgood engaged in communications with the Plaintiff in the pursuit of the common purpose of getting Plaintiff to enter into the fraudulent and unlawful Loan.

 80. Prior to the Loan closing, Allgood visited the Premises in the pursuit of the common purpose of getting Plaintiff to enter into the fraudulent and unlawful Loan.

 81. The above misrepresentations and omissions were made with knowledge of their falsity and with the intent to induce Plaintiff to enter into the Loan and Plaintiff reasonably relied on them and suffered damages as a result.

These allegations are extremely specific. Without discovery, Plaintiff could not possibly plead with any more specificity. Certainly, Allgood is on notice sufficient to enable him to prepare a defense to these claims.

### III. Conclusion

Based on the foregoing discussion and statement of authorities, Allgood's Motion to Dismiss Plaintiff's Complaint should be denied.

          Robert H. Montgomery, III, Esquire, P.C.

          By: _____
             Robert H. Montgomery, Esquire
             230 South Broad Street
             Suite 1302
             Philadelphia, PA 19102
             (215) 731-1404
             Attorney for Plaintiff

**DATED:** April 24, 2003

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing paper(s) were served on all counsel of record and unrepresented parties, via first-class mail, postage prepaid, as follows:

Michael K. Sullivan, Esquire
Blank, Rome, Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103

Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller
Land Title Building, Suite 2226
Broad & Chestnut Streets
Philadelphia, PA 19110

Robert J. Murtaugh, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center,
1835 Market Street
Philadelphia, PA 19103

Mark A. Kearney, Esquire
Elliot Reihner Siedzikowski & Egan, P.C.
Union Meeting Corporate Center V
P.O. Box 3010
925 Harvest Drive
Blue Bell, PA 19422

Joseph A. Gembala, III, Esquire
3235 W. Penn Street
Philadelphia, PA 19129

_____
Robert H. Montgomery, Esquire

Dated: April 24, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lucinda Goodman | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-3647 |
| | : | |
| v. | : | |
| | : | |
| Parkway Mortgage, Inc., a Successor to Sammons Mortgage, Inc., et al. | : | |
| | : | |
| Defendants | : | |
| | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of the Preliminary Objections (Motion to Dismiss) of Defendant Richard W. Allgood, and Plaintiff's response thereto, it is hereby **ORDERED** and **DECREED** that said motion is **DENIED** and Defendant Richard W. Allgood shall file an answer to the complaint within fourteen (14) days from the date of this Order.

BY THE COURT:

_____
CLIFFORD SCOTT GREEN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lucinda Goodman | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 02-CV-3647 |
| | : |
| v. | : |
| | : |
| Parkway Mortgage, Inc., a Successor to | : |
| Sammons Mortgage, Inc., et al. | : |
| | : |
| Defendants | : |
| | : |

**PLAINTIFF'S RESPONSE TO PRELIMINARY OBJECTIONS (MOTION TO DISMISS) OF DEFENDANT RICHARD W. ALLGOOD**

Plaintiff is responding to the Preliminary Objections (Motion to Dismiss) of Defendant Richard W. Allgood. For the reasons set forth in the attached brief, the aforementioned motion should be denied.

                    Respectfully submitted,

                    By: _____
                    Robert H. Montgomery, Esquire
                    230 South Broad Street
                    Suite 1302
                    Philadelphia, PA 19102
                    (215) 731-1404

                    Attorney for Plaintiff

Dated: April 24, 2003