IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lucinda Goodman | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. 02-CV-3647 |
| | : |
| v. | : |
| | : |
| Parkway Mortgage, Inc., a Successor to Sammons Mortgage, Inc.; Midland National Life Insurance Co.; Parkway Mortgage, Inc.; Greenfield Liquidation Corporation; J. Brian Moran; Wachovia National Bank of Delaware as Successor in Interest to First Union National Bank; Interbay Funding, LLC;  Mattleman, Weinroth & Miller, P.C.; and Richard W. Allgood, IFA | : |
| | : |
| Defendants | : |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, by and through her undersigned counsel, hereby makes the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  Plaintiff reserves the right to object to the information and/or documents identified herein on evidentiary or other grounds, or to withhold such documents consistent with the Federal Rules of Civil Procedure and/or other applicable law.  Plaintiff further reserves the right to supplement or modify these disclosures.  Plaintiff incorporates by reference the Initial Disclosures of all other parties to this litigation.

1. **Verdell Goodman:** The circumstances surrounding the September 6, 2000 loan and the facts alleged in the Complaint;

2. All individuals identified in the Initial Disclosures of all other parties to this litigation.

**F. R. Civ. P. 26(a)(1)(B)** a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings:

Attached hereto are copies of all documents presently in the possession of the Plaintiffs that are relevant to the facts alleged in the Complaint.  The attached documents have been bates labeled G0001 through G0152.

**F. R. Civ. P. 26(a)(1)(C)** a computation of any category of damages claimed by the disclosing party,

making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:[1]

A. **Parkway Mortgage, Inc. and Midland Life Insurance**

1. Rescission of the September 6, 2000 loan;

2. The sum of all finance charges and fees paid by Plaintiff in connection with the September 6, 2000 loan;

3. The return of all money paid by Plaintiff on the account associated with the September 6, 2000 loan;

4. Statutory damages for violations of the Truth in Lending Act and the Home Ownership and Equity Protection Act of 1994;

5. Three times the amount of Plaintiffs' actual damages for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.*;

6. Actual damages, punitive damages of $10,000.00 and attorney's fees and costs pursuant to 15 U.S.C. § 1691e, the Equal Credit Opportunity Act 15 U.S.C. § 1691, *et seq.*;

7. Statutory damages in the amount of three times the charges imposed on Plaintiff; reasonable attorney's fees and costs pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 26011, *et seq.*;

8. Actual damages for Plaintiff's common law claims;

9. Punitive damages; and

10. Any other relief the Court finds appropriate.

---

[1] Plaintiff makes these Initial Disclosures under Fed. R. Civ. P. 26(a)(1) based on information reasonably available to her. Plaintiff reserves the right to supplement and/or modify the calculation of damages set forth in his Initial Disclosure. By making this Initial Disclosure, Plaintiff does not, in any way, waive or limit her right to the full amount of damages claimed in the Complaint.

B. **Wachovia Bank of Delaware, N.A. f/k/a First Union National Bank of Delaware**

    1. Rescission of the September 6, 2000 loan;

    2. The sum of all finance charges and fees paid by Plaintiff in connection with the September 6, 2000 loan;

    3. The return of all money paid by Plaintiff on the account associated with the September 6, 2000 loan;

    4. Statutory damages for violations of the Truth in Lending Act and the Home Ownership and Equity Protection Act of 1994;

    5. Three times the amount of Plaintiffs' actual damages for violations of the UTPCPL;

    6. statutory damages in the amount of three times the charges imposed on Plaintiff; reasonable attorney's fees and costs pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 26011, *et seq.*;

    7. Actual damages for Plaintiff's common law claims;

    8. Punitive damages; and

    9. Any other relief the Court finds appropriate.

C. **Mattleman, Weinroth & Miller, P.C.**

    1. Three times the amount of Plaintiff's actual damages for violations of the UTPCPL;

    2. Attorneys fees and costs;

    3. Punitive damages; and

    4. Actual damages for Plaintiff's common law claims.

D. **Richard W. Allgood**

    1. Three times the amount of Plaintiff's actual damages for violations of the UTPCPL;

    2. Attorneys fees and costs;

    3. Punitive damages; and

    4.    Actual damages for Plaintiff's common law claims.

**F.R.Civ. P. 26(a)(1)(D)** for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

    1.    Plaintiff is not aware of the existence of any other policy of insurance which may be used to satisfy part or all of any judgment in this action.

Robert H. Montgomery, III, Esquire, P.C.

By: _____
Robert H. Montgomery, Esquire
230 South Broad Street
Suite 1302
Philadelphia, PA 19102
(215) 731-1404

Attorney for Plaintiff

**DATED:**    April 29, 2003

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing paper(s) were served on all counsel of record and unrepresented parties, as follows:

### VIA HAND DELIVERY

Michael K. Sullivan, Esquire
Blank, Rome, Comisky & McCauley, LLP
One Logan Square
Philadelphia, PA 19103

Sharon Oras Morgan, Esquire
Mattleman Weinroth & Miller
Land Title Building, Suite 2226
Broad & Chestnut Streets
Philadelphia, PA 19110

Robert J. Murtaugh, Esquire
Harvey, Pennington, Cabot, Griffith & Renneisen, Ltd.
Eleven Penn Center,
1835 Market Street
Philadelphia, PA 19103

### VIA FIRST-CLASS MAIL

Mark A. Kearney, Esquire
Elliot Reihner Siedzikowski & Egan, P.C.
Union Meeting Corporate Center V
P.O. Box 3010
925 Harvest Drive
Blue Bell, PA 19422

Joseph A. Gembala, III, Esquire
3235 W. Penn Street
Philadelphia, PA 19129

_____
Robert H. Montgomery, Esquire

Dated: April 29, 2003