IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUCINDA GOODMAN** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **PARKWAY MORTGAGE, INC., et al.** | : | NO. 02-3647 |

### MEMORANDUM ORDER

Plaintiff alleges that she became the victim of a predatory lending scheme when she sought a small home improvement loan from Parkway Mortgage.  Presently before the court are the Preliminary Objections of defendant Richard Allgood, which this court construes as a motion to dismiss the counts against him. Mr. Allgood, who performed an appraisal of plaintiff's property in connection with the loan in question, is charged in Counts VI, VII, and XI of the complaint with, respectively, fraud, conspiracy to commit fraud, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

Dismissal for failure to state a claim is appropriate when it clearly appears that plaintiff can prove no set of facts to support the claim that would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. City of Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  Such a motion tests the legal sufficiency of a claim accepting the veracity of the claimant's allegations and all reasonable inferences drawn therefrom.  See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  A claim may be dismissed when the facts alleged are

legally insufficient to support the relief sought.  See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

The UTPCPL, 73 Pa. C.S. § 201-1 et seq., prohibits "unfair methods of competition and unfair or deceptive acts or practices," including any "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  73 Pa. C.S. § 201-2(4)(xxi).  This provision is known as the catchall provision.  The UTPCPL creates a private right of action for anyone "who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" as a result of a prohibited practice.  73 Pa. C.S. § 201-9.2(a).

Defendant first argues that plaintiff does not have a cause of action against him under the UTPCPL because she did not purchase or lease goods or services from him.  However, plaintiff alleges in paragraph 38 of her complaint that "[p]rior to the Loan closing, Plaintiff had to pay for an appraisal of her property."  Plaintiff has alleged facts from which one could reasonably infer that she paid defendant for the appraisal of her property.  These allegations are sufficient to withstand a motion to dismiss.

Defendant next argues that plaintiff is required to plead the elements of common-law fraud to state a claim under the catchall provision of the UTPCPL, and that she has failed

2

adequately to do so.  In fact, the law is unsettled as to whether a plaintiff must still plead the elements of common-law fraud to recover under the catchall provision.  Prior to 1996, the catchall provision prohibited engaging in "fraudulent conduct which creates a likelihood of confusion or of misunderstanding."  To recover under this provision, plaintiffs had to prove the elements of common-law fraud.  See Hammer v. Nikol, 659 A.2d 617, 620 (Pa. Commw. Ct. 1995).  In 1996, however, the catchall provision was amended to prohibit engaging in "fraudulent *or deceptive* conduct which creates a likelihood of confusion or of misunderstanding."  73 Pa C.S. § 201-2(4)(xxi)(emphasis added).  Courts in this district are divided as to whether it remains necessary to plead the elements of common-law fraud under the amended catchall provision.  See Giangreco v. United States Life Ins. Co., 168 F. Supp. 2d 417, 424 (E.D. Pa. 2001)("[a] plaintiff who seeks to assert a claim under the provisions of the UTPCPL governing fraudulent conduct must first establish the elements of common-law fraud"); but see Flores v. Shapiro & Kreisman, 2002 WL 32003210, *4-5 (E.D. Pa. Oct. 29, 2002)(holding, in a motion to dismiss, that the 1996 amendment of the UTPCPL that added a prohibition on "deceptive" conduct eliminated the need to plead all of the elements of common-law fraud to successfully state a UTPCPL claim); In re Patterson, 263 B.R. 82, 92-93 (Bankr. E.D. Pa. 2001)(same).

This issue is immaterial to the resolution of the instant motion, however, because plaintiff has adequately pled the elements of common-law fraud.  Under Pennsylvania law, the elements of common-law fraud are "a material misrepresentation of an existing fact, scienter, justifiable reliance on the misrepresentation, and damages."  Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa. Super. Ct. 2000).  With respect to the appraisal at issue, plaintiff alleges that defendants, including Mr. Allgood, overstated the value of plaintiff's property in the appraisal; that defendants did this in order to facilitate a loan in a greater amount than would otherwise be possible; that plaintiff reasonably relied on these misrepresentations; and that plaintiff suffered damages as a result.  Plaintiff has pled fraud with sufficient specificity.

Defendant's objections to the remaining counts stem from his argument that plaintiff has failed to adequately plead fraud.  As explained above, these objections are without merit.

**ACCORDINGLY,** this      day of May, 2003, upon consideration of defendant Richard Allgood's Preliminary Objections (Doc. #12) and plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Objections are **DENIED.**

                                    **BY THE COURT:**

                                    **CLIFFORD SCOTT GREEN, J.**